IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA HENDERSON, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-cv-03260-N |
| | § | |
| MLSC HOLDINGS, L.P., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Defendant Commerce Bank's motion to dismiss or for more definite statement [68], Defendant SunTrust Bank's ("SunTrust") motion for judgment on the pleadings [71], Defendant Santander Consumer USA Inc.'s ("Santander") motion for judgment on the pleadings [73], Defendant Capital One NA's ("Capital One") motion for partial dismissal [81], Defendant Compass Bank's ("Compass") amended motion to dismiss, or in the alternative, for more definite statement or judgment on the pleadings [87], Defendant Ally Financial Inc.'s ("Ally Financial") motion for judgment on the pleadings [98], Defendant GMAC Automotive Bank's ("GMAC") motion for judgment on the pleadings [100], Defendant BMO Harris Bank NA's ("BMO") motion to dismiss [102], and Defendant Fidelity Bank's ("Fidelity") motion for judgment on the pleadings [108].[1]  The Court grants most of the motions, but denies Compass's motion in part.

---

[1]The Court refers to the Defendants collectively as the "Lenders."

ORDER – PAGE 1

## I. THE ALLEGED BAIT-AND-SWITCH SCHEME

This case arises from Plaintiff Montrice Johnson's attempt to purchase a new vehicle from Defendant MLSC Holdings, L.P. d/b/a Mac Churchill Auto Mall d/b/a 700CR Credit/Mac Churchill (the "Dealership"). Johnson and her sister, Plaintiff Lisa Henderson, allege that the Dealership mailed Johnson a flier stating she was pre-approved for financing on a new vehicle. Pls.' First Am. Compl. ¶ 26 [51]. Upon arrival at the Dealership, however, various salesmen informed Johnson that she needed a co-signor in order to purchase the vehicle. *Id.* ¶¶ 28–29. Johnson called Henderson and asked her if she would be willing to co-sign the loan. *Id.* ¶ 30. Henderson told Johnson that she would review the credit application and consider acting as a co-signor. *Id.*

Although Johnson gave the Dealership Henderson's name and information, the Dealership never sent Henderson a credit application. *Id.* ¶¶ 30–31. Instead, the Dealership allegedly submitted credit applications in Henderson's name to the Lenders without her authorization. *Id.* ¶¶ 31, 38. Henderson contends that these companies accessed her consumer reports without a permissible purpose and under false pretenses in willful or negligent violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b and 1681q. Henderson asserts that she disputed the inquiries with each of the credit reporting agencies, but the Lenders failed to conduct a reasonable investigation of her disputes or correct the information, violating the FCRA, 15 U.S.C. § 1681s-2(b). Henderson claims that each of the unauthorized inquiries constituted an invasion of her privacy. Johnson also maintains that the Lenders' conduct violates the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d).

ORDER – PAGE 2

The Lenders now move to dismiss, for judgment on the pleadings, or for a more definite statement pursuant to Federal Rule of Civil Procedure 12. *See supra* 1. Henderson opposes the motions and, in the alternative, seeks leave to amend her complaint.

## II. THE RULE 12 STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most

favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### B. Rule 12(c) Motion for Judgment on the Pleadings

Federal Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where

the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The standard for deciding a Rule 12(c) motion is the same as that employed in deciding a Rule 12(b)(6) motion. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

### C. Rule 12(e) Motion for More Definite Statement

A defendant may move for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Courts generally disfavor motions for a more definite statement. *LSF7 NPL V Trust v. Flagstar Bank, FSB*, 2012 WL 3867106, at *2 (N.D. Tex. 2012) (citing *Russell v. Grace Presbyterian Vill.*, 2005 WL 1489579, at *3 (N.D. Tex. 2005)); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1377 (3d ed.) (compiling cases). Whether to grant a Rule 12(e) motion is within the trial court's discretion. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

### III. THE COURT DISMISSES HENDERSON'S FCRA CLAIMS AND CLAIMS FOR BREACH OF PRIVACY

The Court first addresses Henderson's claims for violation of the FCRA and for breach of privacy. Commerce Bank moves to dismiss or for a more definite statement of these claims. Similarly, SunTrust, Santander, Ally Financial, GMAC, and Fidelity move for judgment on the pleadings regarding the same claims. Capital One moves to dismiss the

claims for failure to state a claim for relief, as does Compass, who also moves in the alternative for judgment on the pleadings or for more definite statement. For the following reasons, the Court dismisses Henderson's FCRA claims and claims for breach of privacy against Commerce Bank, SunTrust, Santander, Ally Financial, GMAC, Fidelity, Capital One, and Compass.

### A. Credit Inquiries Without Permissible Purpose

The FCRA prohibits a person from using or obtaining a consumer report without a permissible purpose. *See* 15 U.S.C. § 1681b(f). The permissible purposes for obtaining a consumer report are set out in section 1681b of the FCRA. 15 U.S.C. § 1681(b). If a person negligently violates this provision, the consumer is entitled to recover actual damages and attorney's fees. *See* 15 U.S.C. § 1681*o*(a). If a person willfully violates the statute, the consumer is entitled to actual damages or $1,000, whichever is greater, plus attorney's fees and punitive damages, as the court may allow. *See* 15 U.S.C. § 1681n.

Whether the Lenders had a permissible purpose to access Henderson's consumer report turns on their state of mind at the time. Here, Henderson has not pleaded enough facts to show that any Lender negligently or willfully accessed her report without a permissible purpose. Henderson's First Amended Complaint contains no allegations regarding the Lenders' knowledge as to whether she was involved in the transaction, or whether the Lenders should have known that the inquiry was unauthorized. Henderson argues that the Lenders negligently or willfully relied on the Dealership's false representations regarding the car purchase, *see* Pl.'s Resp. 11 [76], but these allegations do not appear in the First Amended Complaint.

Because Henderson does not allege sufficient facts to show the Lenders negligently or willfully initiated a credit inquiry without a permissible purpose, Henderson fails to state a plausible claim for violation of section 1681b of the FCRA.

### B. Credit Inquiries Under False Pretenses

Section 1681q of the FCRA prohibits a person from knowingly and willfully obtaining a consumer report under false pretenses. 15 U.S.C. § 1681q. To prove this claim, Henderson must show that the Lenders requested her consumer report without a permissible purpose. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 842 (5th Cir. 2004). Thus, like her claim under section 1681b of the FCRA, Henderson's claim under section 1681q hinges on the Lenders' state of mind when they accessed her consumer report. Because Henderson alleges insufficient facts to show the Lenders knowingly and willfully obtained her report without a permissible purpose, Henderson's claim under section 1681q fails as well.

### C. Failure to Investigate Disputed Credit Information

The FCRA imposes certain duties on "furnishers of information" to credit reporting agencies. 15 U.S.C. § 1681s-2(b). In particular, "[a]fter receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," the furnisher must conduct a reasonable investigation with respect to the dispute and take steps to correct the incomplete or inaccurate representation. 15 U.S.C. § 1681s-2(b)(1). "Courts in the Fifth Circuit have defined the term ['furnisher of information'] broadly to mean an entity that transmits information concerning a particular debt owed by a consumer to a consumer reporting agency." *Shaunfield v. Experian Info.*

*Solutions, Inc.*, 991 F. Supp. 2d 786, 794 n.7 (N.D. Tex. 2014) (internal quotation marks and citations omitted).

Henderson maintains that the presence of the Lenders' inquiries on her consumer reports could mislead future creditors to believe she was involved in the car purchase or authorized the inquiries. At least one other district court has found this theory supports a claim for relief under section 1681s-2(b)(1). *See, e.g.*, *Andrews v. Trans Union Corp. Inc.*, 7 F. Supp. 2d 1056, 1075 (C.D. Cal. 1998). In light of the Fifth Circuit's definition of "furnisher," however, the Court finds that Henderson's theory is not compatible with the plain meaning of the FCRA. Moreover, as a practical matter, Henderson has not explained how a Lender might request removal of the inquiry from her credit reports. Indeed, because the Lenders actually did request Henderson's credit reports, the documented inquiries are technically accurate. The Court determines that Henderson has not pleaded sufficient facts to support a claim for relief under section 1681s-2(b)(1).

### D. Invasion of Privacy

The FCRA preempts a consumer from bringing certain invasion of privacy claims. Section 1681h(e) provides that a consumer may not bring an invasion of privacy claim "with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Henderson has not alleged sufficient facts to show that

ORDER – PAGE 8

the Lenders are "furnishers" within the meaning of section 1681h(e), or that they maliciously or willfully obtained her consumer report. The Court finds that section 1691h(e) preempts Henderson's invasion of privacy claim.

### IV. THE COURT DENIES COMPASS'S MOTION TO DISMISS JOHNSON'S ECOA CLAIM

Compass moves to dismiss Johnson's claim for violation of the ECOA. In the alternative, Compass moves for more definite statement or for judgment on the pleadings. Under 15 U.S.C. § 1691(d)(1), "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." In its motion to dismiss, Compass argues that Henderson does not have a claim under this section because she alleges that she never applied for credit. However, Henderson does not assert the ECOA claim; Johnson does. Compass does not object to Johnson's assertion of this claim. Accordingly, the Court denies Compass's motion to dismiss Johnson's ECOA claim.

### V. THE COURT GRANTS BMO'S MOTION TO DISMISS

The Court grants BMO Harris Bank NA's ("BMO") motion to dismiss, but notes that the motion was improperly filed. In its motion, BMO stated that it "join[ed] and incorporate[d] by reference the applicable portions of previously filed motions to dismiss and motions for judgment on the pleadings (and associated briefing)" of several co-defendants. *See* BMO's Mot. to Dismiss 1. Although multiple parties may submit a joint motion to dismiss or for judgment on the pleadings, the Court finds no authority permitting a party to incorporate six motions by reference into one motion, particularly when the combined pages

ORDER – PAGE 9

of the six motions far exceed the applicable page limit and where the plaintiff has already responded to some of the incorporated motions to dismiss. However, because a court may "consider the sufficiency of the complaint on its own initiative," *Guthrie v. Tifco Industries*, 941 F.2d 374, 379 (5th Cir. 1991), and because Henderson had an opportunity to respond to BMO's motion, the Court dismisses Henderson's FCRA and breach of privacy claims against BMO for the reasons stated above.

### VI. THE COURT DENIES LEAVE TO AMEND

A court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). However, under Local Civil Rule 15.1(b), a party seeking leave to amend its pleading "must attach the proposed amended pleading to the motion as an exhibit." Because Henderson and Johnson did not submit a proposed amended pleading, the Court is unable to determine whether further amendment would be futile. Henderson and Johnson have already amended their complaint once as a matter of course, and they have not advised the Court of what additional allegations they could make in support of their claims. For these reasons, the Court denies Henderson and Johnson leave to amend.

### CONCLUSION

The Court dismisses Henderson's FCRA claims and claims for breach of privacy against Commerce Bank, SunTrust, Santander, Ally Financial, GMAC, Fidelity, Capital One, Compass, and BMO. The Court denies Compass's motion to dismiss Johnson's ECOA claim. The Court denies Henderson and Johnson leave to amend their complaint.

SIGNED June 15, 2016.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 11